IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIAM L. DIXON, LEON A. GULLY, HENRY HARRIS, and TIMOTHY R. JEFFERSON | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | Civil No. **07-083-MJR** |
| v. | ) ) ) | |
| LABORERS' INTERNATIONAL UNION of NORTH AMERICA, LOCAL 773, | ) ) ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is plaintiff Leon Gully's Objection to Motion to Withdraw as Counsel/Motion to Appoint Other Counsel. **(Doc. 27)**.

The court first notes that the motion was signed by Mr. Gully, but it purports to be filed on behalf of all four plaintiffs. This is improper. A person who is not an attorney may not represent anyone other than himself. ***Lewis v. Lenc-Smith Manufacturing Company*, 784 F.2d 829, 830 -831 (7th Cir. 1986)**. Therefore, each plaintiff may file pleadings on behalf of himself only.

Counsel for the four plaintiffs filed a motion for leave to withdraw on August 13, 2008, which the court granted. **See, Docs. 16 & 19**. The instant motion was filed on October 3, 2008. Responses to non-dispositive motions must be filed within ten days, per SDIL-LR 71. As it is too late to file a response to the motion for leave to withdraw, the court construe's plaintiff's pleading as a motion for reconsideration. Mr. Gully does not set forth any reason why the order granting leave to withdraw should be vacated. The motion for reconsideration is denied.

Plaintiff asks that counsel be appointed. This is a civil case. Plaintiff has no constitutional or statutory right to appointment of counsel here, although the court may in its

1

discretion appoint counsel to represent indigent civil litigants. *Barkauskas v. Lane*, 946 F.2d 1292, 1294 (7th Cir. 1991); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *see also* 28 U.S.C. § 1915(d). The court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period. **SDIL-LR 83.1(I).**

In deciding a motion for appointment of counsel in a civil case, the court must first consider the threshold issue of whether the moving party has made "reasonable efforts to retain counsel." *Jackson*, **953 F.2d at 1073**. This is a question which the court must ask before it can turn to the merits of the motion. *Pruitt v. Mote,* **503 F.3d 647, 654-655 (7th Cir. 2007)**.

The court is unable to grant the motion. Mr. Gully is not proceeding in forma pauperis. He states generally that all of the plaintiffs are indigent, but no information is given about his finances. In any event, he has not indicated that he has tried to retain another attorney. The court cannot consider appointing counsel unless plaintiff first makes a diligent attempt to secure counsel on his own.

Upon consideration and for good cause shown, plaintiff Leon Gully's Objection to Motion to Withdraw as Counsel/Motion to Appoint Other Counsel **(Doc. 27)** is **DENIED in all respects.**

**IT IS SO ORDERED**.

DATE: **October 7, 2008**.

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U.S. MAGISTRATE JUDGE**