# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIAM L. DIXON, | ) |
|---|---|
| LEON A. GULLY, HENRY HARRIS, | ) |
| and TIMOTHY R. JEFFERSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 07-CV-0083-MJR |
| | ) |
| LABORERS' INTERNATIONAL | ) |
| UNION OF NORTH AMERICA, | ) |
| AFL-CIO LOCAL 773, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On January 30, 2007, Plaintiffs filed the above-captioned action, each alleging race discrimination in violation of Title VII and 42 U.S.C. § 1981 (Doc. 2). Plaintiffs claimed that the Laborers' International Union, Local 773 ("Local 773") discriminated against them in its dispensation of work referrals. At the commencement of this action, Plaintiffs were represented by retained counsel. However, on August 15, 2008, the Court permitted counsel to withdraw (Doc. 19). At that time, Plaintiffs were also informed that "if defendant files a dispositive motion, the plaintiffs, whether proceeding pro se or with counsel, have only 30 days to file their response(s)."

On September 5, 2008, Local 773 did in fact file the instant motion for summary judgment (Doc. 24). Thereafter, the Court informed Plaintiffs that they must respond to the motion with evidence setting forth a genuine issue of material fact (Doc. 26). The Court also notified the Plaintiffs of the consequences if they failed to respond, explaining that **FEDERAL RULE OF CIVIL PROCEDURE 56(e)** provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiffs were also informed that "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion." **Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982).**

On October 3, 2008, Plaintiffs asked the Court to appoint counsel on their behalf (Doc. 27). The Court declined to do so, because Plaintiffs had not provided any financial information confirming that they are indigent, nor had they provided any indication that they made reasonable efforts to retain counsel (Doc. 28). On November 6, 2008, Plaintiffs filed another motion to appoint counsel (Doc. 38). The Court denied the motion for the same reasons already provided in its previous Order (Doc. 40).

Despite the Court's warnings, neither Gully nor Harris filed any responsive pleading or affidavit opposing Local 773's motion for summary judgment. As a result, the Court deemed Gully's and Harris's failure to respond an admission of the merits of the motion and granted the motion for summary judgment as to their claims (Doc. 42).

Dixon and Jefferson did file timely responses in the form of affidavits (Docs. 32 & 33). However, as to their Title VII claims, the Court found that Dixon and Jefferson failed to show that any adverse employment action was taken against them within 300 days of their filing EEOC Charges (Doc. 42). As for Dixon's and Jefferson's claims under 42 U.S.C. § 1981, the Court found that they failed to bring their § 1981 claims within the statute of limitations period (Doc. 42). Accordingly, summary judgment was granted in favor of Defendants on all claims.

Now, nearly two months after the Court's judgment was entered, Plaintiffs move for

reconsideration of the Court's Orders denying appointment of counsel (Doc. 40) and granting summary judgment (Doc. 42). For the reasons stated below, the Court must **DENY** the motion for reconsideration (Doc. 46).

### B. Analysis

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was served within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was served more than ten days after entry of the challenged judgment or order, Rule 60(b) applies. *See **Britton v. Swift Transp. Co., Inc*., 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors Corp*., 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).** This Court follows Federal Rule of Civil Procedure 6(a) in calculating the ten-day period ( i.e., counting the ten days to exclude weekends and holidays).

Here, Plaintiffs' motion seeking reconsideration was served more than ten days after the Court's Orders denying appointment of counsel and granting summary judgment. Therefore, Rule 60(b) governs.

Rule 60(b) permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order. A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*,

**209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Plaintiffs fail to demonstrate any exceptional circumstances that would provide the Court with justification to revisit its prior Orders. Plaintiffs complain about the quality of the legal services provided by their original attorney, argue that they were not given adequate time to respond to their attorney's motion to withdraw, and claim that the Court somehow "allowed" Plaintiffs' retained counsel to provide inadequate legal representation.

These unsupported claims provide no basis for the relief Plaintiffs request. Plaintiffs were given ample time after their attorney withdrew in which to retain new counsel or else take efforts to represent themselves. No exceptional circumstances exist by which Plaintiffs can sustain their burden under any of the grounds listed in Rule 60(b).

### C. Conclusion

Accordingly, the Court hereby **DENIES** Plaintiffs' motion to reconsider (Doc. 46).

**IT IS SO ORDERED.**

**DATED this 6th day of February 2009.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**